DOLORES NERNEY AND JAMES L. NERNEY, HER HUSBAND, PLAINTIFFS, v. STANLEY-FABIAN CORPORATION, A CORPORATION, AND PARK LUMBER COMPANY, A CORPORATION, ET AL., DEFENDANTS.

Submitted October 12, 1928—Decided March 28, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the plaintiffs, *Coult & Satz.*

For the defendants, *King & Vogt* and *William P. Braun.*

PER CURIAM.

Plaintiff claimed to have sustained injuries by slipping into a coal-hole on the sidewalk of Blackwell street, Dover, in front of the premises of the defendant Stanley-Fabian Corporation. The admitted facts are that there is a coal-hole there quite close to the building line, and that the coal wagon of the defendant Park Union Lumber Company was at the curb, and that a metal chute was arranged in position for the delivery of coal from the wagon into the hole. The plaintiff testified that no coal was being actually delivered; the defendants' driver testified that he had been shoveling coal into the chute, but seeing the plaintiff coming had temporarily stopped. The exact condition seems unimportant. Several conditions that are important are as follows: It appears that the chute extended completely across the sidewalk to within perhaps two feet of the building and protruded over the opening of the hole; that the iron lid of the hole had been tilted up and in that position lay over the end of the chute so as to cover up the hole as far as possible; that at the front of the building there was a low bench some twelve or fifteen inches wide close up to the front of the building and on which a number of newspapers were displayed for sale; that this left a narrow space of a very few inches between the front of the bench and the iron lid; the net result of all which was that practically anyone desiring to get past the chute would find himself compelled to step over the chute or over the lid. The plaintiff in her testimony says that she saw the chute and undertook to get around the end of it but that she did not see the hole nor the iron cover, and that suddenly in some manner which she says she cannot explain, she found her left leg down the coal-hole, the cover reversed with three prongs sticking up in the air and the plaintiff's weight resting on her right knee which had struck the pavement. The injuries to the plaintiff were de-

scribed by the physicians but we need not stop to consider this phase of the testimony. One of the reasons assigned and particularly argued on behalf of the Stanley-Fabian Corporation (both defendants prosecute the rule) is that the verdict is against the weight of evidence and should be set aside for contributory negligence. We consider that this reason should prevail. We are not unmindful of the line of decisions holding that a person walking along the sidewalk of the public street is not bound as a matter of law to look out for obstructions in the nature of a nuisance; but in the present case that rule is inapplicable because the plaintiff herself saw that there was an unusual situation ahead, she saw·the coal wagon either discharging or about to discharge coal. She saw the chute leading from the coal wagon down over the sidewalk to within a foot or two of the building, and any reasoning being would necessarily realize that that coal was going somewhere and that there was only one place into which it could go, and that was a hole. Consequently, it would seem to have been incumbent on the plaintiff seeing the situation to use such care and circumspection as the obvious conditions required.

Whether the plaintiff should have been nonsuited for contributory negligence we do not decide; however, we are clear that a finding that she was entitled to recover and that the defendants had failed to bear the burden of proving contributory negligence was against the weight of the evidence, and as this result should inure to the benefit of both defendants if it inures to either, the verdict will be set aside and a new trial granted as to both.